IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN VISINTAINER,

     Plaintiff,

                                         Case No.

v.

ROBERT MALLORY ROOFING INC.,
a Florida for Profit Corporation; and
ROBERY MALLORY, individually,

     Defendants.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SEAN VISINTAINER, ("Plaintiff"), files this Complaint against Defendants, ROBERT MALLORY ROOFING INC., a Florida for Profit Corporation, and ROBERT MALLORY, Individually (collectively "Defendants"), and states as follows:

## INTRODUCTION

1.     Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).

2.     To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a)(7).

3.      Plaintiff alleges pursuant to the FLSA, 29 U.S.C. § 216(b), that he is (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*; and (iii) declaratory relief pursuant to 28 U.S.C. §2201.

## JURISDICTION

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended (29 U.S.C. §201, *et seq.*) ("FLSA") to:  (i) obtain a judgment against Defendants as to liability; (ii) recover unpaid back wages; (iii) recover an additional equal amount as liquidated damages; and (iv) reasonable attorneys' fees and costs.

5.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as the FLSA claims arise under 29 U.S.C. §216(b).

6.      Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Charlotte County, Florida.

## PARTIES

7.      At all times material to this action, Plaintiff was a resident of Charlotte County, Florida.

8.      At all times material to this action, ROBERT MALLORY ROOFING INC. was, and continues to be, a Florida profit corporation. Further, at all times material to this action, ROBERT MALLORY ROOFING INC. was, and continues to be, engaged in business in Florida, with a principal place of business in Charlotte County, Florida.

5.      Upon information and belief, at all times material to this action, Defendant, ROBERT MALLORY was and continues to be a resident of Charlotte County, Florida.

6.      At all times material to this action, Defendant, ROBERT MALLORY regularly

2

held and/or exercised the authority to hire and fire employees of ROBERT MALLORY ROOFING INC.

7.     At all times material to this action, Defendant, ROBERT MALLORY regularly held and/or exercised the authority to determine the work schedules for the employees of ROBERT MALLORY ROOFING INC.

8.     At all times material to this action, Defendant, ROBERT MALLORY regularly held and/or exercised the authority to determine the pay rates for the employees of ROBERT MALLORY ROOFING INC.

9.     At all times material to this action, Defendant, ROBERT MALLORY regularly held and/or exercised the authority to control the finances and operations of ROBERT MALLORY ROOFING INC.

10.    By virtue of having held and/or exercised the authority to: (i) hire and fire employees of ROBERT MALLORY ROOFING INC.; (ii) determine the work schedules for the employees of ROBERT MALLORY ROOFING INC.; (iii) determine the rates of pay for employees of ROBERT MALLORY ROOFING INC.; and (iv) control the finances and operations of ROBERT MALLORY ROOFING INC., Defendant, ROBERT MALLORY, is an employer as defined by 29 U.S.C. §201 *et. seq.*

### FLSA COVERAGE

12.    At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13.    At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

14.    At all times material hereto, Defendant, ROBERT MALLORY ROOFING INC.,

was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of its routine utilization of supplies and materials that originated outside the state of Florida.

15.     The supplies and materials that Defendants _utilized to run its business previously traveled in interstate commerce.

16.     At all times material to this action, Defendants had two (2) or more employees who regularly handled products and equipment, including tools, supplies, materials, and other equipment, which had previously moved through interstate commerce, during performance of their duties, including, *inter alia* equipment and supplies used directly in furtherance of Defendants' commercial activity of repairing, installing, and tearing off roofs.

17.     Based upon information and belief, the annual gross revenue of Defendant ROBERT MALLORY ROOFING INC. was in excess of $500,000.00 per annum at all times relevant hereto.

18.     At all times material hereto, Plaintiff was "engaged in commerce" and was subject to individual coverage of the FLSA, by virtue of his regular and recurrent handling of equipment that had previously traveled in interstate commerce.

19.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20.     At all times material hereto, Defendant was an enterprise covered by the FLSA.

## STATEMENT OF FACTS

21.     Beginning on or about July 2019 through on or about October 2019, Defendants employed Plaintiff as a non-exempt, hourly-paid employee.

22.     Plaintiff's duties included the repairing, installing, and tearing off of roofs.

23.    Plaintiff was paid an hourly wage.

24.    Plaintiff worked for Defendants in excess of forty (40) hours within one or more workweeks.

25.    From the beginning of his employment through October 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

26.    Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

27.    Defendants have violated Title 29 U.S.C. § 207 from on or about July 2019 through on or about October 2019, in that:

　　a.    Plaintiff worked in excess of forty (40) hours during most weeks for the period of his employment with Defendants;

　　b.    No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

　　c.    Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I

### FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF 29 U.S.C. §207

11.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 as if fully set forth herein.

12.    Plaintiff was employed by Defendants from approximately July 2019 through on or about October 2019 as an hourly paid, non-exempt, roofer.

13.    Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

14.    Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

15.    At all times material hereto, Defendants failed and continues to fail, to maintain proper time records as mandated by the FLSA.

16.    Defendants' actions in this regard were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

17.    Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

18.    Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

19.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

      a.    Awarding Plaintiff overtime compensation in the amount due to him for

Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendants;

b.     Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c.     Awarding Plaintiff pre-judgment and/or post-judgment interest;

d.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendants failed to keep accurate time records; Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendants failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

e.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.     Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this ⎰16th day of December, 2019.

Respectfully Submitted,

*/s/ Natalie Staroschak*
Natalie Staroschak
FL Bar No.: 116745
MORGAN & MORGAN, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324

7

Tel: 954-807-7759
Fax: 954-807-7781
E-mail: nstaroschak@forthepeople.com

*Trial Counsel for Plaintiff*

**STATE OF FLORIDA**

**COUNTY OF** _Collier_

I, SEAN VISINTAINER, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

**DATE:** _Dec 15, 2019_

SEAN VISINTAINER