IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN VISINTAINER,

    Plaintiff,

v.   Case No. 2:19-cv-888-FtM-38MRM

ROBERT MALLORY ROOFING INC.,
a Florida for Profit Corporation; and
ROBERY MALLORY, individually,

    Defendants.
_____/

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

COME NOW the Parties, Plaintiff, SEAN VISINTAINER (hereinafter "Plaintiff"), and Defendants, ROBERT MALLORY ROOFING INC., and ROBERY MALLORY (hereinafter "Defendants"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement and Stipulated Dismissal with Prejudice, and respectfully state as follow:

1. Plaintiff filed his Complaint in this case on December 16, 2019, seeking unpaid overtime wage compensation under the Fair Labor Standards Act ("FLSA"). [D.E. 1].

2. Plaintiff believes he is entitled to 10 hours of time and a half overtime payment for each of the thirteen (13) weeks he was in fact employed with the Defendants. Plaintiff was paid $15.00 per hour, making him entitled to $2,925.00 in unpaid overtime premiums (13 weeks x 10 hours of overtime per week x $22.50 time and a half overtime rate). Plaintiff also claimed entitlement to liquidated damages.

3. It was the Defendants position that the Plaintiff did not work anywhere near this amount of overtime hours and felt that in reality the Plaintiff was only entitled to a much

lower amount of unpaid overtime. Therefore, the Parties came to an agreement to compromise this amount and settle the dispute to avoid further litigation. In addition, the Plaintiff did not want to drag out the litigation process and requested a resolution of his claim as soon as possible.

4. While Plaintiff anticipated presenting evidence that Defendants' conduct was willful, Defendants disputed that their conduct was willful, and the issue had not yet been decided by the Court. Under the two year statute of limitations applicable to non-willful violations of the FLSA, Plaintiff's alleged unpaid wages totaled $2,925.00.

5. Under the FLSA, liquidated (double) damages are applicable absent the Defendants meeting their burden of proof to show that any violation of the law was in good faith. *See* 29 U.S.C. § 216. While Plaintiff maintains that liquidated damages were applicable, Defendants planned to set forth evidence of good faith, and the Court had not yet decided the issue.

6. The parties engaged in lengthy, arms-length settlement negotiations over the past two months. At the close of these negotiations the parties were able to reach an agreement that compensates the Plaintiff in an amount that each Party finds acceptable and represents a reasonable resolution of his claim.

7. The terms of the settlement reached between the Parties was memorialized in the Agreement attached hereto as **Exhibit A**. Although the Parties dispute liability and damages in this matter, all Parties agree that the resolution is a fair and reasonable resolution of the dispute.

8. Under the Agreement, Defendants will pay Plaintiff the gross amount of Three Thousand Dollars ($3,000.00) in consideration of his underlying claims for alleged unpaid

overtime wages and liquidated damages in exchange for the dismissal of all Plaintiffs' wage claims with prejudice.  One thousand five hundred dollars ($1,500.00) was allocated for unpaid wages and one thousand five hundred dollars ($1,500.00) was allocated for liquidated damages. As stated above, the reason this amount was reduced was due to the fact that the number of hours the Defendants claim the Plaintiff worked versus what the Plaintiff alleges he worked is much less and Defendants claimed that the amount of Plaintiff's recovery would not exceed $700.00 in both unpaid wages and liquidated damages.

9. In addition, Defendants will pay the Plaintiff separate consideration of $100.00, plus a mutual general release, in exchange for a release of non-wage claims (of which the Plaintiff has stated in particular that he has no other claims).  This was an offer made by Plaintiff in the matter in order to increase the total value of the settlement for an amount that Plaintiff deemed appropriate for a general release of claims. As such, Plaintiff offered the option of a general release to Defendants.  The consideration for this release was proposed by Plaintiff, and accepted by Defendants as proposed.  As such, Plaintiff respectfully requests that the Court approve this consideration, as it was independently sought by them, and not a result of employer overreaching.

10. Given the uncertainties of litigation, and the chance that Plaintiff may have recovered much less if Defendants succeeded in their defense that Plaintiff worked fewer hours than claimed, Plaintiff and Defendants jointly submit the settlement reached herein as fair and reasonable.  In addition, Defendants note that they would likely have contested the amounts allegedly owed and Plaintiff wanted a timely resolution of his claim.

11. In addition to the payments outlined above, Defendants will pay to Plaintiffs' counsel the amount of Two Thousand Eight Hundred Dollars ($2,800.00) for attorneys' fees

and costs. The costs exceeded in this action total five hundred twenty three dollars and 35/100 cents ($523.35). Natalie Staroschak was the only attorney for the Plaintiff who worked on this file and her hourly rate is $300.00 per hour and she exceeded 15 hours in the case thus far making the actual amount of fees incurred a total of four thousand five hundred dollars ($4,500.00). In order to resolve this case in an efficient manner, Counsel agreed to significantly reduce her fees to the total of two thousand four hundred seventy six dollars and 65/100 ($2,476.65). Counsel for Plaintiff reduced her fees nearly in half to resolve this matter. This amount was negotiated separately from, and subsequent to, the amounts determined to be reasonable to the Plaintiff to resolve his claim, and did not affect the amount to be paid to Plaintiff in this matter.

12. In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

13. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendants to resolve Plaintiffs' claim for fees under the FLSA were negotiated separately from and subsequent to the amounts determined to be paid to Plaintiffs for resolving the action; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

### MEMORANDUM OF LAW

#### A. Standard for Approval

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a

claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiffs' success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

**B. The Proposed Compromise of FLSA Claims Is Fair And Reasonable.**

Here, Plaintiff submits that both Parties conducted a sufficient investigation and exchange of information to allow counsels to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiffs' claims as set forth in their Agreement. After exchanging information and engaging in numerous discussions, a compromise has been agreed upon with Plaintiff receiving a recovery acceptable to him, which he believes is fair and reasonable in light of the total value of his claim, and Defendants denial of same. Plaintiff has been advised that if he proceeds in this matter, he may prove all of the damages to which they claim entitlement, and also receive an equal amount in liquidated damages. He has also been advised that a jury may credit the employer's position and he may receive a lesser recovery. In light of this uncertainty, as well as the possibility of protracted litigation, Plaintiff agreed that the sum his is receiving in this settlement constitutes a reasonable and informed compromise of his claims.

### C. The Circumstances of, And Consideration For, The General Release Render It Reasonable.

With respect to the general release provision of the Agreement, the Parties are aware of this Court's reticence to approve such releases, as they are often the result of employer overreaching. However, the Parties respectfully submit that this is not the case here. In fact, Plaintiff most definitely has absolutely no other claims against the Defendants but understands it is important to input this release into the agreement separately. Plaintiff also appreciates the certainty of knowing that Defendants will not engage in any litigation against them for any past events. This Court has approved general releases in such circumstances. *See Alves v. B&W Paving Contractors of Fla. et al.,* No. 2:17-cv-00664-JES-MRM, D.E. 27 (M.D. Fla. Mar. 22, 2019) *report and recommendation adopted*, No. 2:17-cv-00664-JES-MRM, D.E. 28 (M.D. Fla. April 8, 2019); *Holding v. AMS, Inc.*, No. 2:17-CV-623-FTM-

6

99CM, 2018 WL 4898837, at *3 (M.D. Fla. Oct. 5, 2018), *report and recommendation adopted*, No. 2:17-CV-623-FTM-99CM, 2018 WL 4898836 (M.D. Fla. Oct. 9, 2018). This Court has also noted that "other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties." *Alves, supra,* at pp. 5-6 (citing *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015)). In *Alves,* a case involving Plaintiffs' undersigned counsel, in approving a mutual general release that did not involve separate monetary consideration, the Court specifically noted that "[a]lthough general releases are typically disfavored in FLSA cases, the Undersigned places great weight on the fact that Plaintiffs are each represented by experienced counsel." *Id.* at p. 6. Plaintiff is receiving $100.00 in addition to a mutual general release, the Parties respectfully submit that, as in *Alves*, Plaintiff's proposed general releases should be approved here.

## CONCLUSION

Accordingly, in light of Defendants' agreement to pay Plaintiffs the total sum of $3,000.00, separate and apart from their attorneys' fees and costs and consideration for mutual general releases, the parties stipulate that their Agreement is fair and reasonable. Further the attorneys' fees and costs are not a percentage of Plaintiffs' recovery in this case, such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. See 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542

7

(11th Cir. 1985). Rather, Plaintiff's attorneys' fees and costs were claimed by Plaintiff and her counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims. As Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a

> Plaintiffs' attorneys' fee was agreed upon separately and without regard to the amount paid to plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiffs' recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel.

The settlement agreed upon by the parties resolves Plaintiffs' FLSA claims for attorneys' fees and Plaintiff will have no responsibility to their counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by counsel experienced in labor and employment law, and Defendants also have been represented by experienced counsel. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

WHEREFORE, the Parties respectfully request that the Court approve the attached settlement agreement as fair and reasonable and dismiss this matter with prejudice, retaining jurisdiction over enforcement of the settlement, with each party to bear its own fees and costs except as set forth in the Agreement.

Respectfully submitted this 25th day of February, 2020.

| /s/ Natalie Staroschak | s/ Scott Atwood |
|---|---|
| Natalie Staroschak, Esquire | Scott Atwood, Esquire |
| Florida Bar No.: 116745 | Florida Bar No.: 60331 |
| MORGAN & MORGAN, P.A. | HENDERSON, FRANKLIN, |
| 8151 Peters Road | STARNES & HOLT, P.A. |
| Suite 4000 | 1715 Monroe Street |
| Plantation, Florida 33324 | Fort Myers, Florida 33901 |
| Telephone: (954) 807-7759 | Telephone: (239) 344-1287 |

| | |
|---|---|
| Facsimile: (954) 807-7781 | Facsimile: (239) 344-1571 |
| Email: nstaroschak@forthepeople.com | Email: scott.atwood@henlaw.com |
| *Trial Attorneys for Plaintiff* | *Trial Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed using the CM/ECF system on this 25th day of February, 2020, which I understand will send notification of same to all counsel of record.

*/s/ Natalie Staroschak*
Natalie Staroschak, Esq.