1

## SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF CLAIMS

1. This Agreement covers all understandings between **SEAN VISINTAINER** (hereinafter referred to as "Plaintiff"), and **ROBERT MALLORY ROOFING INC.**, a Florida for Profit Corporation, and **ROBERT MALLORY**, Individually, (hereinafter referred to as "Defendants," a term which is defined to include any and all related entities, as well as all respective former and current directors, administrators, agents, officers, supervisors, employees, attorneys, representatives, insurers, and officials (all in their official and individual capacities).

2. For and in consideration of the promises outlined in Paragraphs 3, 4 and 6 of this Agreement, Plaintiff agrees as follows:

   A. To settle and release any and all claims, as further detailed below, which Plaintiff has against Defendants which arose or may have arisen prior to the date of execution of this agreement, and to dismiss, with prejudice, the case they have filed in the U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:19-cv-888-FTM-38MRM (the "Lawsuit"); and

   B. To agree and acknowledge that this settlement does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duties owed by Defendants to Plaintiff.

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of Five Thousand Eight Hundred Dollars ($5,800.00). Of the settlement proceeds, Plaintiff **SEAN VISINTAINER** will receive a total of Three Thousand Dollars ($3,000.00) representing wages, liquidated damages and consideration for a general release. Plaintiff's counsel will receive Two Thousand Eight Hundred Dollars ($2,800.00) representing attorneys' fees and costs incurred on Plaintiff's behalf. ***Plaintiff specifically is aware of, and agree with, the amount of attorneys' fees and costs to be paid to their counsel for representing their interests in this matter.***

**Under this agreement, each payment shall be made as follows:**

- One check payable to **SEAN VISINTAINER** in the amount of One Thousand Five Hundred Dollars ($1,500.00) representing compensatory damages in the form of wages, to be reported on an IRS Form 1099;

- One check payable to **SEAN VISINTAINER** in the amount of One Thousand Five Hundred Dollars ($1,500.00) of which One Thousand Four Hundred Dollars ($1,400.00) is in settlement of claims for liquidated damages and One Hundred Dollars ($100.00) serves as consideration for a general release of all other claims, to be reported on an IRS form 1099 as "other income;"

S.A.V. Sean Visintainer          RM Robert Mallory Roofing Inc.
RM Robert Mallory

2

- One check payable to **MORGAN & MORGAN, P.A.** in the amount of Two Thousand Eight Hundred Dollars ($2,800.00). This amount was negotiated separately from, and subsequent to, the amount to be paid to Plaintiff in this matter.

*Plaintiff specifically is aware of, and agrees with, the amount of attorneys' fees and costs to be paid to their counsel for representing their interests in this matter.*

4. Each payment, as described in Paragraph 3 above, must be received by Plaintiff's counsel (c/o Natalie Staroschak, Esq., Morgan & Morgan, P.A., 8151 Peters Road, Suite 4000, Plantation, Florida 33324) such that it is received within seven (7) business days of the date that the Court approves the parties' resolution in this matter. Prior to these payments being remitted, Defendants' counsel must have received completed 1099 Forms from each of them.

5. <u>Tax Indemnification</u>. By signing below, Plaintiff understands and agrees that Defendants are neither providing tax nor legal advice, nor any representations regarding tax obligations or consequences, if any, related to this Agreement. Plaintiff further agrees that each of them will assume any such tax obligations or consequences that may arise in connection with the respective payments made under this Agreement, except that, in the event that the IRS reclassifies any portion of these amounts as wages, Plaintiff only assume the employee share of the payroll tax obligation and employee withholdings applicable to portions so reclassified, and that Plaintiff shall seek any indemnification from Defendants in this regard, except as to any amounts constituting the employer's share of payroll taxes on any amounts determined to be subject to W-2 treatment. Plaintiff further agrees to indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, or recoveries by any governmental entity against Defendants for any failure by Plaintiff to pay taxes due and owing on the respective payments of consideration remitted as a result of the Agreement, provided that Defendants provide Plaintiff with prompt notice of any such claim, demand, deficiency, levy, or penalty, except that Plaintiff shall not indemnify nor hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, or recoveries by any governmental entity against Defendants for any claims, demands, deficiencies, levies, assessments, executions, judgments, penalties, taxes, or recoveries resulting from the failure of Defendants to pay the appropriate state or federal agencies any amounts deducted or otherwise amounts Defendants are responsible for in connection with this Agreement.

6. <u>Mutual General Release of Claims</u>.

   a. Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, known and unknown, which Defendants have or may

_S.AV_ Sean Visintainer            _RM_ Robert Mallory Roofing Inc.
_RM_ Robert Mallory

3

have as of the date of execution of this Agreement. Defendants' release of Plaintiff is intended to be, and is, broad as the release of Defendants in paragraph 6(b) below.

    b.  Plaintiff knowingly and voluntarily release and forever discharge Defendants, their parents, predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and their directors, officers, shareholders, members, employees -- including, but not limited to, agents, insurers and attorneys of and from any and all claims, known and unknown, which Plaintiff has or may have as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;
- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, *Florida Statutes;*
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, *et seq.*, *Florida Statutes*;
- Florida's Wage Rate Provision, § 448.07, *Florida Statutes*;
- Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, *Florida Statutes*;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246;
- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent



Sean Visintainer  Robert Mallory Roofing Inc.
Robert Mallory

misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of Plaintiff's employment with Defendants and this action, which they have or may have as of the date of this Agreement. However, the Parties acknowledge and agree that this release does not cover, and specifically excludes, claims under the Florida Workers' Compensation Act. In signing this Agreement, Plaintiffs specifically acknowledge and agree that they have no known or undisclosed work-related injuries related to their employment with Defendants.

        c.    **The parties agree and acknowledge that, should the Court decline to approve the general release provisions (¶¶ 6(a) and 6(b)) as fair and reasonable, and/or to blue pencil portions thereof altering the general nature of these release paragraphs, such provisions will be deemed stricken, and the remainder of the Agreement shall remain in full force and effect, without requiring any subsequent written instrument to be executed by the Parties.**

        7.    In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees, and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. The parties agree that jurisdiction over this matter shall be in the United States District Court for the Middle District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida. The parties agree to file this Court to maintains jurisdiction to enforce the terms of this agreement.

        8.    Plaintiff acknowledges and agrees that with the payment of the amounts stated in Paragraph 3, they have been reasonably compensated for all wages and liquidated damages potentially owed to them under the Fair Labor Standards Act, as well as all attorneys' fees incurred to date. Defendants deny that any monies are owed to Plaintiff, and are offering this amount that Plaintiff considers reasonable compensation for wages, liquidated damages, and attorneys' fees, as well as additional compensation for a general release, solely to avoid the costs of litigation.

        8.    Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the Parties agree that the Agreement shall be construed as if the Parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

        10.    Plaintiff and Defendants hereto acknowledge and agree that all terms of this Agreement are confidential, and the Parties will not disclose, or authorize any agent to disclose, the terms of this Agreement to anyone other than their spouses, attorneys, and tax advisors. However, the Parties agree that this Agreement may be filed with a Court in any action to enforce the terms of the Agreement, as well as to seek approval of this Agreement, and same

_/s/_ Sean Visintainer      _/s/_ Robert Mallory Roofing Inc.
_/s/_ Robert Mallory

shall not be a breach of the confidentiality provisions of this Agreement. **The parties agree and acknowledge that, should the Court decline to approve this mutual confidentiality provision as fair and reasonable, such provision will be deemed stricken, and the remainder of the Agreement shall remain in full force and effect, without requiring any subsequent written instrument to be executed by the Parties.**

11. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. Except as specifically stated herein with respect to the Court's power to amend, modify, or strike provisions from this Agreement, no cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and the Defendants.

12. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

13. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

14. The Parties agree that this Agreement was entered into in the State of Florida, and shall be construed and enforced in accordance with the laws of the State of Florida. In the event that any party is forced to institute legal proceedings for breach of the terms of this Agreement, it is specifically understood and agreed that any such legal proceeding must be brought exclusively in the federal or state courts servicing Florida.

15. Payment Default. Should Defendants, jointly and severally, fail to make a payment of the Settlement Funds as described above, or should any of the checks be returned for non-sufficient funds or any other reason, Plaintiff's counsel shall give written notice via e-mail to Scott E. Atwood, Esq. at scott.atwood@henlaw.com.

In the event that Defendants, jointly and severally, cure said breach within three (3) business days of receiving written notification via e-mail, Defendants, jointly and severally, shall pay the outstanding breached payment and an additional Five Hundred Dollars and 00/100 Cents ($500.00) to the cured amount. An additional written notification is **not** required should Defendants cure the breach but fail to include the additional amount of Five Hundred Dollars and 00/100 Cents ($500.00).

If Defendants fail to pay the breached amount plus the cured amount, Plaintiff shall be entitled to a default final judgment against **Defendants** for the remaining balance regarding the full amount of this settlement, plus the cured amount, along with all fees and costs incurred in enforcing said settlement agreement.

_SAV_ Sean Visintainer          _RM_ Robert Mallory Roofing Inc.
_RM_ Robert Mallory

6

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily execute this Agreement:

By: _____
SEAN VISINTAINER

Date: 02-24-2020

ROBERT MALLORY ROOFING INC.

By: Robert Mallory Roofing, Inc.
Name: Robert Mallory
Title: President
Date: 2-21-20

By: Robert Mallory
ROBERT MALLORY
Date: 2-21-20


S.A. Sean Visintainer        RM Robert Mallory Roofing Inc.
RM Robert Mallory