UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN VISINTAINER,

    Plaintiff,

v.                                            Case No.:   2:19-cv-888-FtM-MRM

ROBERT MALLORY ROOFING INC. and
ROBERT MALLORY,

    Defendants.
_____/

## ORDER

Before the Court is the parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice. (Doc. 19). The parties consented to proceed before a United States Magistrate Judge. (*See* Docs. 13, 15). The parties attach the executed proposed settlement agreement as Exhibit A to their Joint Motion. (*See* Doc. 19-1). For the reasons set forth herein, the Joint Motion (Doc. 19) is **GRANTED**.

## BACKGROUND

Plaintiff filed a Complaint alleging a failure to pay overtime compensation in violation of 29 U.S.C. § 207 of the Fair Labor Standards Act ("FLSA"). (Doc. 1). He alleges that between July and October 2019, Defendants employed Plaintiff as a non-exempt, hourly paid employee. (*Id*. at 4). Plaintiff, in particular, alleges that Defendants failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) in a single workweek. (*Id*. at 5).

Plaintiff did not file an answer to the Court's interrogatories nor have Defendants filed an Answer to Plaintiff's Complaint. Nevertheless, the parties represent that:

>    Plaintiff believes he is entitled to 10 hours of time and a half overtime payment for each of the thirteen (13) weeks he was in fact employed with the Defendants. Plaintiff was paid $15.00 per hour, making him entitled to $2,925.00 in unpaid overtime premiums (13 weeks x 10 hours of overtime per week x $22.50 time and a half overtime rate). Plaintiff also claimed entitlement to liquidated damages.

(Doc. 19 at 1).

The Court now turns to the applicable legal standard for approving an FLSA settlement.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

>    [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's

2

> overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

Applying these standards, the Court analyzes the proposed settlements in this case below.

## DISCUSSION

### I. Bona Fide Dispute

As a threshold matter, the Court finds that a bona fide dispute exists between the parties. Despite Plaintiff's claim, it is the Defendants' position "that the Plaintiff did not work anywhere near [the above referenced] amount of overtime hours and felt that in reality the Plaintiff was only entitled to a much lower amount of unpaid overtime." (Doc. 19 at 1-2). To avoid the uncertainties and burden of a protracted litigation, and the possibility that Plaintiff would recover less had Defendants prevailed at trial, the parties instead settled their dispute. (Doc. 19 at 2, 3). The proper focus, thus, is on the fairness and reasonableness of the proposed settlement agreement.

### II. Monetary Terms

While Plaintiff asserts damages in the amount of $2,925.00, under the settlement agreement, he will receive a gross payment of $3,000 - $1,500 for unpaid wages and $1,500 for liquidated damages. The parties explain that the reason for this reduction was "due to the fact that the number of hours the Defendants claim the Plaintiff worked versus what the Plaintiff alleges he worked is much less and Defendants claimed that the amount of Plaintiff's recovery would not exceed $700.00 in both unpaid wages and liquidated damages." (Doc. 19 at 3). The

3

parties also represent that each finds the payment acceptable as reasonably resolving Plaintiff's claim. (*Id.* at 2).

The Court agrees with the parties that this is a fair and reasonable resolution of Plaintiff's claim notwithstanding the reduced payment. From the parties' filing, it is clear the amount Plaintiff claims he is entitled to is disputed. Had the parties went to trial, there was a real possibility Plaintiff would recover far less than either what he claims or what Defendants are offering, here. Therefore, the Court accepts the parties' explanation for the disparity between the proposed settlement amount and Plaintiff's earlier claim for damages and finds the payment a fair and reasonable resolution of Plaintiff's unpaid wages and liquidated damages claim.

## III.     Attorney Fees

Defendants also agree to pay Plaintiff's counsel $2,800.00 for fees and costs. (Doc. 19 at 3-4). As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court determined:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement

4

>without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

Here, the parties represent that the costs totaled $523.35 and that Plaintiff's counsel worked in excess of fifteen (15) hours on this matter at an hourly rate of $300.00 per hour for a total of $4,500 in incurred fees. (Doc. 19 at 4). Yet, "[i]n order to resolve this case in an efficient manner," the parties state "Counsel agreed to significantly reduce her fees to the total of . . . $2,476.65." (*Id.*). The parties, moreover, explicitly state that "[t]his amount was negotiated separately from, and subsequent to, the amounts determined to be reasonable to the Plaintiff to resolve his claim, and did not affect the amount to be paid to Plaintiff in this matter." (*Id.*).

The Court is satisfied with the parties' explanation for both the reduced sum Defendants will pay Plaintiff's counsel and their negotiation in determining that amount. Importantly, from the parties' representations, the amount Defendants will pay Plaintiff's attorney did not compromise the amount Defendants will pay Plaintiff as the former was negotiated subsequently and separate from the latter. The Court, therefore, finds this payment a fair and reasonable resolution that did not compromise the amount Defendants will pay Plaintiff.

## IV.     Non-Cash Concessions

The Court notes that the proposed settlement agreement contains a "Mutual General Release of Claims" provision that requires the parties to release and forever discharge any and all claims, known and unknown, they may have against each other. (Doc. 19-1 at 2-4). Additionally, the proposed settlement agreement contains other non-cash concessions, including a provision entitling the prevailing party of a subsequent lawsuit to fees and costs, and a confidentiality stipulation preventing the parties from disclosing the terms of the agreement. (*See id.* at 4).

As the parties correctly note (Doc. 19 at 6-7), several jurists in this District have expressed the view that non-cash concessions by an employee affect both the "fairness" and "full compensation" components of a settlement, and require their own fairness finding. *See Jarvis v. City Elec. Supply Co.*, No. 6:11-cv-1590-Orl-22DAB, 2012 WL 933057, at *5 (M.D. Fla. Mar. 5, 2012), *report and recommendation adopted*, 2012 WL 933023 (M.D. Fla. Mar. 20, 2012).

Notwithstanding this line of cases, other jurists in this District have approved non-cash concessions in FLSA settlement agreements where the concessions were negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1 (M.D. Fla. Sept. 21, 2016); *Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014).

Here, the parties sufficiently explain why the identified non-cash concessions are fair and reasonable. Specifically, the parties explain that in exchange for a release of non-wage claims, Defendants "will pay the Plaintiff separate consideration of $100.00, plus a mutual general release." (Doc. 19 at 3). The greatest indicia that these non-cash concessions do not compromise the fullness and fairness of the proposed settlement is that "[t]his was an offer made by Plaintiff in the matter in order to increase the total value of the settlement for an amount that Plaintiff deemed appropriate for a general release of claims." (*Id.*). The parties explain that "Plaintiff offered the option of a general release to Defendants. The consideration for this release was proposed by Plaintiff, and accepted by Defendants as proposed." (*Id.*).

This instance is not one where such a "pervasive release in an FLSA settlement introduces a troubling imponderable into the calculus of fairness and full compensation."

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010). Adequate counsel represented both parties while the parties negotiated and included separate consideration for the non-cash concession. Plaintiff, additionally, "has stated in particular that he has no other claims," (Doc. 19 at 3), thereby negating the concern that the consideration Defendants paid Plaintiff would otherwise be a windfall for Defendants. Ultimately, and especially considering that Plaintiff first proposed the general release and consideration therefor, the Court finds the non-cash concessions of the proposed settlement agreement a fair and reasonable compromise.

## CONCLUSION

The Court finds the proposed settlement agreement a fair and reasonable compromise of Plaintiff's FLSA claim. The parties have adequately explained their negotiation process and any discrepancies that may otherwise give the Court pause. Specifically, the parties have demonstrated the fairness and reasonableness of any discrepancy in the amount Plaintiff claimed and will receive, the costs and fees Defendants will pay Plaintiff's attorney, as well as the fairness of the proposed agreement's non-cash concessions.

For these reasons, the Court **ORDERS** that:

1. The parties' Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 19) is **GRANTED**.

2. The Settlement Agreement and Mutual General Release of Claims (Doc. 19-1) is **APPROVED** "as a fair and reasonable resolution of the parties' bona fide dispute under the FLSA."

3. The case is **DISMISSED with prejudice**.

4. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 16, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties